[Cite as *State v. Thompson*, 2016-Ohio-1146.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                        CASE NO. 2-15-12

    v.

TRAVARUS D. THOMPSON,                  O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2012-CR-0012

Judgment Affirmed

Date of Decision: March 21, 2016

APPEARANCES:

    *Travarus D. Thompson* Appellant

    *Edwin A. Pierce* for Appellee

**ROGERS, J.**

{¶1} Defendant-Appellant, Travarus Thompson, appeals the judgment of the Court of Common Pleas of Auglaize County denying his pro-se "Motion for Modification of Sentence." On appeal, Thompson argues that the trial court erred in sentencing him to eight years in prison. For the reasons that follow, we affirm the judgment of the trial court.

{¶2} On April 17, 2012, the Auglaize County Grand Jury indicted Thompson on one count of trafficking in cocaine, with a major drug offender specification, in violation of R.C. 2925.03(A)(1), 2925.03(C)(4)(g) and 2941.1410, a felony of the first degree. The charge arose after Thompson allegedly sold more than 100 grams of cocaine to an undercover police officer.

{¶3} After a period of plea negotiations, Thompson plead guilty to an amended indictment charging him with one count of trafficking in cocaine, with no attendant specification, in violation of R.C. 2925.03(A)(1) and 2925.03(C)(4)(f), a felony of the first degree.

{¶4} On September 4, 2012, the trial court sentenced Thompson to a mandatory eight year prison term, pursuant to R.C. 2925.03(C)(4)(f). Thompson appealed, but the appeal was ultimately dismissed.

{¶5} On August 21, 2015, Thompson filed a "Motion for Modification of Sentence" arguing that he should have received a shorter sentence because he took responsibility for his actions and did not have a criminal record.

{¶6} On August 31, 2015, the trial court denied Thompson's motion.

{¶7} It is from this judgment that Thompson appeals, presenting the following assignment of error for our review[1].

### *Assignment of Error*

**THE TRIAL COURT ERRED IN JUDGMENT WHERE IT JUDICIALLY DENIED DEFENDANT'S MOTION FOR A MODIFICATION OF SENTENCE IN VIOLATION OF OHIO REVISED CODE § 2929.12 AND IN VIOLATION OF ARTICLE 1 SECTION 10 OF [SIC] OHIO CONSTITUTION, AND THE 14th AMENDMENT TO THE UNITED STATES CONSTITUTION.**

{¶8} In his sole assignment of error, Thompson argues that the trial court erred in denying his motion for modification of sentence insofar as it should have imposed one of the shorter prison terms set forth in R.C. 2929.14(A)(1). We disagree.

{¶9} R.C. 2953.21 governs petitions for post-conviction relief and permits a criminal defendant "who claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" to challenge his sentence. R.C.

---

[1] This appeal was previously dismissed for failure to file a timely notice of appeal but was later reinstated after it was discovered that Thompson's timely notice of appeal had not been filed due to a typographical error in the caption of the notice.

2953.21(A)(1)(a). "[W]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St. 3d 158, 160 (1997).

{¶10} A petition for post-conviction relief is subject to strict filing requirements. Prior to March 2015, R.C. 2953.21(A)(2) required a petition for post-conviction relief be filed

> no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.[2]

{¶11} A trial court is without jurisdiction to entertain an untimely petition for post-conviction relief unless the petitioner demonstrates that one of the exceptions in R.C. 2953.23(A) applies. R.C. 2953.23(A)(1)(a) allows a trial court to consider an untimely petition in the following situations: (1) where a petitioner shows that he was unavoidably prevented from discovering the facts upon which he relies to present his claims for relief; or (2) where a petitioner shows that the United States Supreme Court has recognized a new federal or state right, after the

---

[2] On March 26, 2015, HB 663 took effect and extended the time for filing a petition for post-conviction relief to (1) 365 days from the date on which the trial transcript was filed in the court of appeals in the direct appeal of the judgment of conviction or (2) 365 days after the expiration of the time for filing the notice of appeal, if no direct appeal is taken. R.C. 2953.21(A)(2).

time period set forth in former R.C. 2953.21(A)(2) expired, that applies retroactively to the petitioner and that is the basis of the petitioner's claim for relief. R.C. 2953.23(A)(1)(a). In either case, the petitioner must also show by clear and convincing evidence that but for the constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense for which he was convicted. R.C. 2953.23(A)(2) allows a trial court to consider an untimely petition in certain cases involving DNA testing.

{¶12} Here, Thompson's petition for post-conviction relief is clearly untimely, as it was filed nearly three years after the trial transcript was filed in this Court in Thompson's direct appeal. Because Thompson failed to argue and establish the applicability of any of the exceptions in R.C. 2953.23(A), the trial court lacked jurisdiction to entertain his untimely petition.[3]

{¶13} Accordingly, we overrule Thompson's sole assignment of error.

{¶14} Having found no error prejudicial to the appellant, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**

---

[3] The trial court's entry stated that "the [c]ourt, after considering the [m]otion and the record, finds that said [m]otion is not well taken and the same is DENIED." (Docket No. 127, p. 1). However, because the trial court lacked jurisdiction to entertain Thompson's petition, its merits should not have been considered. Instead, Thompson's petition should have been dismissed for lack of jurisdiction. This error does not prejudice Thompson, however, because the petition's outcome remains the same.